**Motion for Rehearing Granted; Memorandum Majority and Dissenting Opinions and Judgment filed April 18, 2024, Withdrawn; Reversed and Rendered and Memorandum Majority and Dissenting Opinions on Rehearing filed July 23, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00802-CV

---

## IN THE MATTER OF K.A.

---

**On Appeal from the 474th District Court**
**McLennan County, Texas**
**Trial Court Cause No. 2023-75-J**

---

### MEMORANDUM DISSENTING OPINION ON REHEARING

I would hold that there was legally and factually sufficient evidence to support the trial court's finding that it was not practicable to proceed in juvenile court before appellant's eighteenth birthday because there is some evidence that the alleged sexual assault was not reported to the State until after appellant's eighteenth birthday. Because the majority holds otherwise and dismisses the case, I respectfully dissent.

The trial court heard evidence that the State's investigation started in 2022, after appellant's eighteenth birthday. Appellant's mother testified:

> Q. So you didn't know about any of these allegations until the investigation started in 2022?
>
> A. Correct.

During appellant's 2022 recorded interview with police, which was admitted as an exhibit, appellant said he learned "last week" that the complainant had reported the sexual assault to her school:

> Q. How long ago did [appellant's father] tell you, or when were you first made aware that there was an actual case and she had reported it to the school?
>
> A. Uh, I think it was last week.

Also during the interview, the officer and appellant discussed how the school was a mandatory reporter to "CPS," that a CPS referral had been made because the complainant had reported it to her school, that CPS had not yet contacted appellant concerning his two young children, and that CPS would be in contact with appellant "soon."

Based on the combined and cumulative force of this evidence, a rational fact finder could reasonably infer that the State was not made aware of the sexual assault allegation until shortly before the interview occurred in 2022, well after appellant's eighteenth birthday. Absent any conflicting evidence to the contrary, appellant's proposed alternative inference—that the State had been aware of the child's outcry for at least four years prior to the interview, yet did nothing about it—is not reasonable. *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 821 (Tex. 2005) (noting that reviewing courts "must assume [fact finders] made all inferences in favor of their verdict if reasonable minds could, and disregard all other inferences").

2

Because the evidence is sufficient to support the trial court's finding that it was not practicable to proceed in juvenile court before appellant's eighteenth birthday, the trial court did not abuse its discretion.

/s/     Ken Wise
        Justice

Panel consists of Justices Wise, Spain, and Hassan. (Spain, J., majority).